(No. 29167.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VALENTINE SWIONTEK, Plaintiff in Error.

*Opinion filed November 21, 1945.*

BRODKIN & BIEBER, (GEORGE R. BIEBER, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case is here on writ of error to the criminal court of Cook county to review a judgment of conviction for murder. The case is presented on the common-law record, only.

The indictment contains two counts. The first count charges, in substance, that the defendants unlawfully, feloniously, wilfully and with malice aforethought, struck, beat, hit, bruised, and wounded deceased upon the chin, face, head and body with their hands and fists, and that they pushed and knocked the deceased with their hands and fists, causing him to fall against and strike his head and body upon and against the sidewalk; that the defendants unlawfully, feloniously, wilfully and with malice aforethought struck, beat, kicked, bruised, and wounded the deceased with their hands and fists, and as a result thereof, gave to the deceased divers mortal wounds of which he thereafter died.

The second count charges that the defendants, "did unlawfully, with malice aforethought, by striking, kill and murder" the deceased.

The record shows that plaintiff in error entered a plea of not guilty, waived a jury and was tried before the court on the evidence heard. At the conclusion of the trial, the court found him guilty of murder, and sentenced him to the penitentiary for the term of fourteen years. His two codefendants thereafter entered pleas of guilty to manslaughter and were admitted to probation.

Plaintiff in error contends that inasmuch as the first count of the indictment charged the defendants with committing an assault and battery upon the deceased with their

hands and fists, as the result of which he was killed, the use of no deadly weapon being averred, it was only an indictment for manslaughter, and the fact that the pleas of guilty of his codefendants to the crime of manslaughter were accepted by the court, demonstrates that it was error to find him guilty of murder.

Plaintiff in error relies upon *People* v. *Mighell*, 254 Ill. 53, and *People* v. *Crenshaw*, 298 Ill. 412. In those cases, however, the evidence was presented to this court as a part of the record. The court, in each of those cases, found the evidence was insufficient to prove the defendant guilty of murder, but only amounted to the crime of manslaughter. The difficulty with the position of plaintiff in error in this case is that it is impossible to determine without a bill of exceptions what evidence was before the court. Notwithstanding the first count of the indictment charged that the deceased was killed as a result of an assault and battery made upon him by the defendants with their hands and fists, that count further alleged the killing was with malice aforethought by striking and beating and kicking the deceased on the face, head and body, and by pushing and knocking him to the sidewalk. That count was amply sufficient to charge the crime of murder, although it did not allege the use of a deadly weapon.

While it is true that no presumption of malice will arise from an assault and battery with the hands or fists, alone, still the evidence showing the character of the assault and the circumstances under which it was made may be sufficient to show the element of malice charged in the indictment. Whether the assault was made with malice aforethought and in such manner as to show an intent to take the life of the deceased, was dependent upon the evidence which was before the trial court.

Moreover, the second count of the indictment alleged that the defendants unlawfully killed and murdered the deceased with malice aforethought by striking him. A

similar count, in substance, was approved by this court in *People* v. *Corder,* 306 Ill. 264. The first count being sufficient to charge the defendants with the crime of murder, whether the circumstances under which the assault was committed were sufficient to show malice, or the intent to commit murder, or whether the killing merely amounted to manslaughter in the commission of an unlawful assault, depended solely upon the evidence offered on the trial. The indictment alleged that the assault was made with malice and with intent to kill the deceased. Without the evidence upon which plaintiff in error was convicted, before us, we cannot determine its sufficiency. In this state of the record the presumption must be indulged that the evidence justified the finding of the trial court. Both counts in the indictment were amply sufficient to charge the crime of murder, and plaintiff in error's contentions cannot be sustained.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*